Jerold C. Feuerstein, Esq.
360 Lexington Avenue, Suite 1200
New York, New York 10017
Telephone: 212-661-2900
Facsimile: 212-661-9397

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EASTERN SAVINGS BANK, FSB,

       Plaintiff,

 -against-

MULVINA ECCLESTON, LINFORD W. JOHNSON, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, MICHAEL JOHNSON, WILLIAM ROBINSON, ARLENE WILLIAMSON, KALICH WILLIAMSON, and AGATHA JOHNSON,

       Defendants.
----------------------------------------------------------------x

Civil Action No. 13 cv 6070
(NGG) (RLM)
Filed: November 1, 2013

**AMENDED**
**VERIFIED COMPLAINT**

 Plaintiff, Eastern Savings Bank, fsb ("Eastern") by and through its attorneys, Kriss & Feuerstein LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendant Mulvina Eccleston ("Eccleston") respectfully alleges upon information and belief as follows:

### NATURE OF THE ACTION

 1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as: 356 East 31st Street, Brooklyn, NY 11226; **Block: 4947, Lot: 30** in the Borough of Brooklyn, County of Kings, and State of New York (the "Subject Property"). The Legal Description of the Subject Property is annexed hereto as **Exhibit "A"**.

## PARTIES

2.      Eastern Savings Bank, fsb is a federally chartered savings bank with its usual place of business at 11350 McCormick Road, Hunt Valley, Maryland 21031.

3.      Mulvina Eccleston is, upon information and belief is a natural person and a New York State Resident, having an address at 356 East 31st Street, Brooklyn, NY 11226. Defendant Mulvina Eccleston is a necessary party defendant to this action by virtue of fact that she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below), the titled and record owner of the Subject Property; (ii) was the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

4.      Linford W. Johnson is, upon information and belief is a natural person and a New York State Resident, having an address at 356 East 31st Street, Brooklyn, NY 11226. Defendant Linford W. Johnson is a necessary party defendant to this action by virtue of fact that he is a Guarantor under the obligation under the Note and Mortgage.

5.      New York City Environmental Control Board is a New York State Public Authority having an address at 66 John Street, New York, NY 10038. Defendant New York City Environmental Control Board is a necessary party defendant to this action by virtue of fact that it has three (3) judgments filed against the Mulvina Eccleston. (i) A judgment in the amount of $300.00 docketed on 5/10 under Violation Number 041832945X. (ii) A judgment in the amount of $300.00 docketed on 5/12 under Violation Number 041545630J. (iii) A judgment in the amount of $25.00 docketed on 9/12 under Violation Number 0175404460. Copies of the New York City Environmental Control Board judgment liens are annexed hereto as **Exhibit "B"**.

6.      Upon information and belief, following the inquiry at the property, Michael Johnson is an individual and a tenant at the Subject Property. By Virtue of the foregoing, Michael Johnson is a defendant in this action to foreclose his interest, if any, in the Subject Property.

7. Upon information and belief, following the inquiry at the property, William Robinson is an individual and a tenant at the Subject Property. By Virtue of the foregoing, William Robinson is a defendant in this action to foreclose his interest, if any, in the Subject Property.

8. Upon information and belief, following the inquiry at the property, Arlene Williamson is an individual and a tenant at the Subject Property. By Virtue of the foregoing, Arlene Williamson is a defendant in this action to foreclose her interest, if any, in the Subject Property.

9. Upon information and belief, following the inquiry at the property, Kalich Williamson is an individual and a tenant at the Subject Property. By Virtue of the foregoing, Kalich Williamson is a defendant in this action to foreclose his interest, if any, in the Subject Property.

10. Upon information and belief, following the inquiry at the property, Agatha Johnson is an individual and a tenant at the Subject Property. By Virtue of the foregoing, Agatha Johnson is a defendant in this action to foreclose her interest, if any, in the Subject Property.

11. Each of the above-named defendant(s) has or claims to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

12. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

13. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this District.

## AS FOR A FIRST CAUSE OF ACTION

14. On or about April 26, 2007, Eccleston executed a Building Loan Note ("Building Note") in the principal amount of up to $81,500.00 in favor of Eastern. A copy of Building Note is annexed hereto as **Exhibit "C"**.

15. On or about April 26, 2007, Eccleston executed the Building Loan Mortgage and Security Agreement ("Building Mortgage"); which was duly recorded in the Office of the City Register of the City of New York, County of Kings, on August 28, 2007, under CRFN: 2007000443508. A copy the Mortgage is annexed hereto as **Exhibit "D"**.

16. Any applicable recording tax was duly paid at the time of recording said last mentioned mortgage.

17. Plaintiff is the owner and holder of said Building Note and Building Mortgage.

18. To further secure the indebtedness of the Building Note, on April 26, 2007, Linford W. Johnson executed a Guarantee ("Guarantee") to Eastern Savings Bank, fsb in the amount of $81,500.00. A copy of the Guarantee is annexed hereto as **Exhibit "E"**.

19. On April 14, 2011, a Forbearance agreement (the "Forbearance Agreement") was made between the Defendants Mulvina Eccleston, Lindford W. Johnson and Eastern Savings Bank, fsb, which allowed the Defendants to apply payments towards the unpaid principal balance due under Building Note. The Defendants have failed to make payments, and have defaulted under the terms stipulated in the Forbearance agreement. A copy of the Forbearance Agreement is annexed hereto as **Exhibit "F"**.

20. Eccleston has failed to comply with the terms and provisions of the said Building Mortgage and Building Note, by failing to pay in full the outstanding balance of the Principal Sum, together with accrued and unpaid interest and any other amounts due and payable to Eastern by May 1, 2010 (the "Maturity Date").

4

21. Due to the above-described defaults, the Defendant is indebted to Eastern pursuant to the terms of the Building Note and Building Mortgage for:

    a. The unpaid principal amount due under Building Note, and all accrued and unpaid interest which sum as of August 5, 2013, amounts to $128,082.46;

    b. Attorney's fees and other costs and disbursements, payable to Eastern under the terms of Building Note, which will accrue until the amount due and payable under the Building Note is paid in full; and

    c. Any and all additional fees that are due but not limited to protective advances or may become due and payable as provided under the terms and conditions of the Building Note and Building Mortgage are paid in full.

22. On or about August 5, 2013, by transmission of a demand letter ("Demand Letter") and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid principal balance. A copy of the demand letter is annexed hereto as **Exhibit "G"**.

23. The subject Loan was not incurred for personal, family or household purposes. As a result, the borrower was not entitled to a 90 day notice or the settlement conference required under C.P.L.R. § 3408. A copy of the Borrower's Affidavit is annexed hereto as **Exhibit "H"**.

## AS FOR A SECOND CAUSE OF ACTION

24. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "23" of the Complaint

25. On or about April 26, 2007, Eccleston executed a Project Secured Promissory Note ("Project Note") in the principal amount of $113,500.00 in favor of Eastern. A copy of Project Note is annexed hereto as **Exhibit "I"**.

26. On or about April 26, 2007, Eccleston executed a Project Mortgage, Assignment of Leases and Rents and Security Agreement ("Project Mortgage"); Project Mortgage was duly

recorded in the Office of the City Register of the City of New York, County of Kings, on August 28, 2007 under CRFN 2007000443506. A copy Project Mortgage is annexed hereto as **Exhibit "J"**.

27. Any applicable recording tax was duly paid at the time of recording said last mentioned mortgage.

28. Plaintiff is the owner and holder of said Project Note and Project Mortgage.

29. To further secure the indebtedness of Project Note, Linford W. Johnson executed a Guarantee ("Guarantee") to Eastern Savings Bank, fsb in the amount of $113,500.00. A copy of the Guarantee is annexed hereto as **Exhibit "K"**.

30. On April 14, 2011, a Forbearance agreement (the "Forbearance Agreement") was made between the Defendants Mulvina Eccleston, Lindford W. Johnson and Eastern Savings Bank, fsb, which allowed the Defendants to apply payments towards the unpaid principal balance due under Project Note. The Defendants have failed to make payments, and have defaulted under the terms stipulated in the Forbearance agreement. A copy of the Forbearance Agreement is annexed hereto as **Exhibit "F"**.

31. Eccleston has failed to comply with the terms and provisions of the said Project Mortgage and Project Note, by failing to pay in full the outstanding principal balance, together with accrued and unpaid interest and any other amounts due and payable to Eastern by May 1, 2010 (the "Maturity Date').

32. On or about August 5, 2013, by transmission of a demand letter and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid principal balance. A copy of the demand letter, ("Demand Letter") is annexed hereto as **Exhibit "L"**.

33. Due to the above-described defaults, the Defendant is indebted to Eastern pursuant to the terms of the Project Note and Project Mortgage for:

    a.    The unpaid principal amount due under Project Note, and all accrued and unpaid interest, protective advances and late charges which sum as of August 5, 2013, amounts to $294,624.89;

    b.    Attorney's fees and other costs and disbursements, payable to Eastern under the terms of the Project Note, which will accrue until the amount due and payable under the Project Note is paid in full; and

    c.    Any and all additional fees that are due but not limited to protective advances or may become due and payable as provided under the terms and conditions of the Project Note and Project Mortgage are paid in full.

34.    The subject Loan was not incurred for personal, family or household purposes. As a result, the borrower was not entitled to a 90 day notice or the settlement conference required under C.P.L.R. § 3408. A copy of the Borrower's Affidavit is annexed hereto as **Exhibit "M"**.

35.    Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

    (a) Any state of facts that an inspection of the premises would disclose.

    (b) Any state of facts that an accurate survey of the premises would show.

    (c) Covenants, restrictions, easements and public utility agreements of record, if any.

    (d) Building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same.

    (e) Any rights of tenants or persons in possession of the subject premises.

    (f) Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    (g) Prior mortgage liens of record held by and any advances and arrears thereunder.

(h) Prior lien(s) of record, if any.

36. In the event that Eastern possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Eastern requests that such other lien(s) shall not be merged in plaintiff's cause(s) of action set forth in this complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

37. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

## AS FOR A THIRD CAUSE OF ACTION

38. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "37" of the Complaint.

39. To further secure the Building Note and Project Note (collectively the "Notes") as referred to in paragraphs 11 and 22, Plaintiff perfected a security interest against the personal property situated on the Property by filing a UCC-1 in the Office of the City Register of the City of New York, Kings County on August 28, 2007 under CRFN 2007000443509, for the Property commonly known as 356 East 31st Street, Brooklyn, NY 11226 (Block: 4947, Lot: 30), in Kings County, New York. A copy of UCC-1 is annexed hereto as **Exhibit "N"**.

40. On May 16, 2012 a UCC-3 Continuation was filed in the Office of the City Register of the City of New York, Kings County under CRFN 2012000194217 as a continuation of the UCC-1 originally filed on August 28, 2007 under CRFN 2007000443509, for the Property commonly

known as 356 East 31st Street, Brooklyn, NY 11226 (Block: 4947, Lot: 30), in Kings County, New York. A copy of the UCC-3 Continuation is annexed hereto as part of **Exhibit "O"**.

41. By reason of the default under the Notes and the Building Mortgage and Project Mortgage (collectively the "Mortgages"), the obligations have become due and payable and plaintiff is seeking foreclosure of the personal property located at the mortgaged premises.

42. A foreclosure action was commenced in the U.S. District Court Eastern District of New York on November 30, 2010 under Civil Action Number 10CV5515, and was voluntarily discontinued on July 9, 2012. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgages or for recovery of the said sum secured by said Notes and Mortgages or any part thereof.

**WHEREFORE**, as to the First and Second Cause(s) of Action, the Plaintiff demands judgment that the defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the said premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in Paragraph #35 of this complaint; that the monies arising from the sale thereof may be brought into Court; that the Plaintiff may be paid the amount due on the Notes and Mortgages as hereinbefore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums incurred by Plaintiff pursuant to any term or provision of the Notes and Mortgages set forth in this complaint, or to protect the lien of plaintiff's Mortgages, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith

appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; and that the Defendants Mulvina Eccleston and Linford W. Johnson may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to plaintiff, foregoing on the personal property in accordance with the Uniform Commercial Code and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable; and as for the Third Cause of Action, and adjudging that the personal property described be sold according to the law to satisfy the amount due to Plaintiff on the Notes.

Dated: New York, New York
        November 27, 2013

              Yours, etc.
              **Kriss & Feuerstein LLP**
              Attorneys for Plaintiff

              By: _____
                Jerold C. Feuerstein, Esq. (JCF-9829)
              360 Lexington Avenue - Suite 1200
              New York, New York 10017
              (212) 661-2900

## VERIFICATION BY ATTORNEY

**JEROLD C. FEUERSTEIN**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with Plaintiff or officers and/or agents of Plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because Plaintiff is not in a county in which my firm has its office.

Dated: New York, New York
November 27, 2013

_____
JEROLD C. FEUERSTEIN (JCF-9829)

11