**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

EASTERN SAVINGS BANK, FSB,

                        Plaintiff,

   -against-

LINFORD W. JOHNSON, INDIVIDUALLY,
AND AS ADMINISTRATOR OF THE ESTATE
OF MULVINA ECCLESTON; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,
MICHAEL JOHNSON, WILLIAM ROBINSON,
ARLENE WILLIAMSON, KALICH WILLIAMSON,
and AGATHA JOHNSON,

                        Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

13-CV-6070 (AMD) (ST)

**TISCIONE, United States Magistrate Judge:**

      Eastern Savings Bank, FSB ("Eastern Savings") filed this foreclosure suit against the above-named Defendants to recover the unpaid balance of two commercial construction loans that were secured by a six-unit residential rental property located in Brooklyn, New York. Following lengthy delays, a Second Amended Complaint was filed on February 4, 2019. *See* ECF No. 67. Answers were due on March 7, 2019. *See* Minute Entry dated Feb. 19, 2019. Defendants did not file an answer or a pre-answer motion. On April 2, 2019, the Clerk of Court entered a default against Defendants for failing to respond. *See* ECF No. 74. Eastern Savings Bank filed a Motion for Default Judgment, which was referred to me by the Honorable Ann M. Donnelly. *See* Docket Entry dated June 4, 2019. Following the referral, Defendant Linford Johnson filed a Response, asking this Court to vacate the entry of default for good cause. For the reasons stated below, I recommend that Eastern Savings' Motion for Default Judgment be DENIED and the entry of default be VACATED.

   A. **Background**

      Nearly six years ago, on November 1, 2013, Eastern Savings filed its Complaint. *See* Complaint ("Compl."), ECF No. 1. At the time, one of the named Defendants was Mulvina

1

Eccleston. *See* Compl. She owned property located at 356 East 31st Street in Brooklyn, New York and allegedly entered into two construction loan agreements that were secured by the property. *See* Compl. ¶¶ 1, 3. Linford Johnson, Ms. Eccleston's son, was also named as a defendant, as he acted as a guarantor on the note. Compl. ¶ 4. Initially, Defendants were directed to file an answer by January 17, 2014. *See* Summonses Returned Executed, ECF Nos. 12–22. Defendants did not respond, so the Clerk of Court entered a default on March 20, 2014. *See* ECF No. 24. Following the submission of a fully-briefed Motion for Default Judgment by Eastern Savings, see ECF Nos. 25, 28, Defendant Linford Johnson filed a Motion to Stay with the Court. *See* Motion to Stay, ECF No. 35. In that Motion, dated February 11, 2015, Johnson asked the Court to stay proceedings because his mother, Mulvina Eccleston, had passed away in June 2014 and, at the time, there had "been no application filed in the Surrogate Court and consequently, no one to handle her affairs and estate." ECF No. 35. Eastern Savings withdrew its Motion for Default Judgment. *See* Motion to Withdraw, ECF No. 30; *see also* Order Granting Motion to Withdraw, ECF No. 31. On September 2, 2016, the case was administratively closed after repeated extensions of time following delays in the Surrogate's Court in King's County. *See* Docket Entry dated Sept. 2, 2016 (noting that "plaintiff may move to reopen this action once an administrator has been appointed by the Surrogate's Court").

Following the Surrogate's Court's issuance of Letters of Administration to Johnson, the Court reopened the matter on January 25, 2019. *See* Motion to Reopen Case, ECF No. 59; Order Amending Caption, Substituting Party, and Reopening Case, ECF No. 61. A Second Amended Complaint was filed on February 4, 2019. *See* Second Amended Complaint ("SAC"), ECF No. 67. In its First Cause of Action, Eastern Savings alleges that Eccleston has failed to comply with the terms and provisions of a building loan note and mortgage in the amount of $81,500.00. SAC ¶¶ 15–24. In its Second Cause of Action, Eastern Savings alleges that Eccleston has failed to comply with the terms and provisions of a second building loan and mortgage in the amount of $113,500.00. SAC ¶¶ 25–38. Based on the First and Second Causes of Action, Eastern Savings seeks judgment in the form of foreclosure of the property securing the mortgage. SAC

2

at pp. 9–10.

The Court ordered Defendants to answer the Second Amended Complaint by March 7, 2019. *See* Minute Entry, ECF No. 69. Defendants did not file an answer. On April 2, 2019, the Clerk of Court entered a default. *See* ECF No. 74. Eastern Savings filed a Motion for Default Judgment on May 10, 2019. *See* Clerk's Entry of Default, ECF No. 76. Johnson filed a Response to that Motion on June 30, 2019. *See* Response to Motion for Default Judgment ("Resp."), ECF No. 81. In his Response, Johnson asks this Court to vacate the entry of default for good cause.

**B. Analysis**

Johnson argues that the entry of default should be vacated because he has a reasonable excuse for failing to file an answer. *See* Resp. Johnson argues that he failed to respond to the Second Amended Complaint because "he was in the process of hiring new counsel and the deadline was inadvertently missed." Resp. at 5 (citing Affidavit of Linford Johnson ("Johnson Aff."), ECF No. 81-3). In addition, Johnson submits approximately twenty affirmative defenses in his Proposed Answer. *See* Proposed Answer, ECF No. 81-10.[1]

The entry of default is mandatory upon a defending party's failure "to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). Rule 55(c) allows a court to "set aside an entry of default for good cause" or set "aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). The three criteria are: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-

---

[1] Johnson cites Rule 60 of the Federal Rules of Civil Procedure, which allows a district court to vacate an order or judgment when certain circumstances are present. However, Johnson does not actually seek to vacate an order or judgment of the district court, but rather he seeks to vacate the entry of default that was entered by the Clerk of Court. Accordingly, this Court considers Johnson's request under Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. (allowing court to set aside entry of default for good cause).

3

defaulting party." *Id.* (quoting *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)). This Court discusses the three factors in order, bearing in mind our preference for "resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)).

   *1. Willfulness of Default*

The Second Circuit has interpreted "willfulness" in the context of a default as referring to "conduct that is more than merely negligent or careless" but is instead "egregious and . . . not satisfactorily explained." *Bricklayers*, 779 F.3d at 186 (quoting *SEC v. NcNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). A court need not find bad faith in order to find that a defendant acted willfully in failing to respond to a complaint. *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998). A court can infer willfulness if a defendant "does not deny that he received the complaint [or] the court orders" and does not contend that he actually "answered the complaint" or that his failure to answer "was due to circumstances beyond his control." *Guggenheim Capital, LLC*, 722 F.3d at 455. Conduct is considered willful when it appears from the record that "the defaulting party intended to ignore the action or the authority of the court." *S.E.C. v. Alexander*, No. 00-CV-7290 (LTS) (HBP), 2004 WL 1468528, at *5 (S.D.N.Y. June 28, 2004) (citations and internal quotation marks omitted). "Courts should resolve any doubt about a defendant's willfulness in their favor." *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 77 (E.D.N.Y. 2010) (internal quotation marks, citations, and brackets omitted).

In this case, Johnson argues that he failed to answer the Second Amended Complaint because he was in the "process of hiring new counsel and the deadline was inadvertently missed." Resp. at 5 (Johnson Aff.). Johnson does not deny receiving the complaint or the court orders. Nor does Johnson argue that he actually answered the complaint. Johnson states,

> My prior attorney Adeshola Adeyemo informs [*sic*] me that he was served with supplemental summons and second amended complaint. However, he also informed me that was moving out of town and I would need to seek new counsel. [¶] I was in the process of retaining new counsel and as a result missed the deadline of interposing an answer.

4

Johnson Aff. ¶¶ 19, 20.  On February 19, 2019, Adeyemo appeared for a conference in this Court.  *See* Minute Entry, ECF No. 69.  During the hearing, this Court stated that answers were due by March 7, 2019; Adeyemo did not move to extend the deadline or offer any indication that Johnson would have difficulty meeting the deadline.

Following the deadline, on March 27, 2019, Johnson's new counsel, Evelyn Abiola, sent an e-mail to opposing counsel requesting "that an answer be accepted by defendant Linford Johnson, as [her] office was newly retained."  Ex. P to Brown Cert., ECF No. 83-17.  Abiola sent the e-mail on the day after Eastern Savings filed a Request for Certificate of Default.  *See* ECF No. 73 (dated March 26, 2019).  Despite Abiola's awareness of the need to file an answer with the Court, Abiola did not file a response to the Request for Certificate of Default, nor did she move the Court for an extension of time in which to file an answer.  Instead, Abiola, on behalf of Johnson, did not file anything until she formally submitted a Notice of Consent to Change Attorney approximately two months later on May 29, 2019.  *See* ECF No. 79.

Although Johnson claims that his failure to file an answer was due to his efforts to retain new counsel, he does not state exactly *when* he retained counsel, nor does he explain the delay following counsel's retention—which occurred, at the latest, when Johnson's new attorney, Abiola, sent opposing counsel an e-mail in March 2019.

Given these unexplained delays, this Court is skeptical about Johnson's excuse.  Regardless, this Court is required to "resolve any doubt about a defendant's willfulness in their favor."  *Addison*, 272 F.R.D. at 77.  It is not clear from the record that Johnson's failure to file an answer is a result of willfulness and not merely carelessness or negligence.  Additionally, only three months elapsed between service of the complaint and the Defendant's first filing.  A short delay such as this one militates against a finding of willfulness.  *See Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. R & C Transit, Inc.*, 321 F.R.D. 60, 63 (E.D.N.Y. 2017) (finding lack of willfulness after three-month delay between service of complaint and defendant's first

5

motion where defendant was in the process of retaining counsel).

Resolving all doubts in favor of Johnson, this Court finds that Johnson's lack of willfulness favors vacatur of the default judgment motion.

*2. Existence of Meritorious Defenses*

Johnson asserts a plethora of defenses in his Affidavit and Proposed Answer. *See* Johnson Aff.; Proposed Answer, ECF No. 81-10. Despite the laundry list of alleged meritorious defenses, we need only address one: that his mother, Mulvina Eccleston, did not agree to a second loan. Proposed Answer ¶ 1. Johnson asserts that Eccleston "did not sign the loan documents nor agree to a second loan in the amount of $113,000." Proposed Answer ¶ 1. Further, Johnson alleges that Eccleston "did not receive the proceeds from this second purported loan." Proposed Answer ¶ 1; *see also* Mem. Opp., ECF No. 81-2, at 5–7. In his Affidavit, Johnson states that he believes "that the second loan agreement for $113,500.00 may have been doctored or forged." Johnson Aff. ¶ 6.

"To satisfy the criterion of a meritorious defense, the defense need not be ultimately persuasive at this stage." *Am. All. Ins. v. Eagle Ins.*, 92 F.3d 57, 61 (2d Cir. 1996) (internal quotation marks and citation omitted). "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Gardner v. Lefkowitz*, 737 F. App'x 597, 598 (2d Cir. 2018) (quoting *Am. All. Ins.*, 92 F.3d at 61). It is inappropriate to judge the credibility of the defendant's factual assertions when considering whether vacatur is appropriate. *See Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 341 (S.D.N.Y. 2013).

"Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019) (citations omitted). Once a right to foreclosure has been established, the burden shifts to the defendant to show "the existence of a material issue of disputed fact regarding one or

6

more of their defenses." *United Cent. Bank v. Team Gowanus, LLC*, No. 10-CV-3850 (ERK) (VVP), 2012 WL 5507307, at *9 (E.D.N.Y. Nov. 14, 2012).

Johnson's proffered defense would be a complete defense to the Second Cause of Action at trial. If proven, either by showing that the signature on the mortgage was a forgery or otherwise, that would negate an essential element of the plaintiff's case— namely, "an obligation secured by a mortgage." *See generally Leser v. U.S. Bank Nat. Ass'n*, No. 09-CV-2362 (KAM) (MDG), 2012 WL 4472025, at *7 (E.D.N.Y. Sept. 25, 2012) (stating requirements for proving signature was forged and finding that whether plaintiff actually signed personal guaranties was a disputed issue of fact that precluded summary judgment); *accord Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc.*, No. 01-CV-4788 (RJH) (HBP), 2006 WL 587483, at *20 (S.D.N.Y. Mar. 8, 2006).

Accordingly, because Johnson alleges nonexecution of the second mortgage loan, and because this defense would be a complete defense to the Second Cause of Action if proven at trial, the proffer of this potentially meritorious defense militates towards vacating the entry of default.

3. *Prejudice to Non-Defaulting Party*

The final factor to consider is "whether defendants are likely to be prejudiced by further delay." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004) (internal quotation marks and citation omitted). While "[s]ome delay is inevitable when a motion to vacate a default judgment is granted[,]" courts are wary to vacate defaults where it "may thwart plaintiff's recovery or remedy" or "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Green*, 420 F.3d at 110 (citation omitted); *accord Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Courts presume prejudice where the delay is "lengthy and inexcusable" but, where the delay is "more moderate or excusable, the need to show actual prejudice is proportionally greater." *Drake*, 375 F.3d at 256.

Eastern Savings complains that it would be prejudiced by vacatur because the "subject

7

loans matured nearly a decade ago and have been in default for more than nine years." Plaintiff's Reply, ECF No. 83-19, at 20. Eastern Savings claims Eccleston and Johnson have not submitted a single payment towards either of the alleged defaulted loans in the past six years. *Id.* Further, Eastern Savings alleges that it has paid for "taxes, special taxes, and insurance premiums" totaling in excess of $200,000. *Id.* Although this Court is aware that the course of the litigation has been long, much of that delay either preceded Johnson as the lead defendant or resulted from the delay in obtaining Letters of Administration. It is improper to charge Johnson with the delay that might have resulted from Eccleston's conduct or to assume his culpability for conduct that occurred in a collateral proceeding. This Court considers the delay for the *present* cause of entering default—Johnson's failure to answer the Second Amended Complaint. Although this Court recognizes the expense involved with litigation, "the expense of resources alone is insufficient prejudice [to warrant denial of vacatur]." *Division 1181*, 321 F.R.D. at 63.

Default was entered less than a month after Johnson missed the deadline to answer the Second Amended Complaint—answers were due on March 7, 2019 and the Clerk entered default on April 2, 2019. *See* ECF Nos. 69, 74. Eastern Savings does not argue that vacating default will "thwart [their] recovery or remedy[,] . . . result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Green*, 420 F.3d at 110. Eastern Savings primarily relies on the length of the delay and the costs associated with the alleged foreclosure. A party opposing vacatur cannot establish prejudice merely by alleging the length of the delay. *See Durso v. Modern Food Ctr., Inc.*, No. 17-CV-7324 (LAK) (GWG), 2019 WL 2150424, at *8 (S.D.N.Y. May 17, 2019) (collecting cases); *see also Green*, 420 F.3d at 110 ("delay alone is not a sufficient basis for establishing prejudice" (quoting *Davis*, 713 F.2d at 916)). Eastern Savings does not complain of the current period of default starting with Johnson's failure to answer in March 2019; rather, it complains that it is prejudiced by the underlying allegations in the case—that is, Eccleston and Johnson's failure to make loan payments on building loans for an alleged period of approximately ten years. That is not a proper subject of a prejudice inquiry when considering whether to vacate default. Given our

8

preference for resolving cases on their merits, and the short period of delay associated with the present default, this Court finds that Eastern Savings was not prejudiced by Johnson's default.

### C. Conclusion

Based on this Court's finding that all three factors are in favor of vacating the entry of default, this Court respectfully recommends that the Clerk's entry of default be VACATED and Eastern Savings' Motion for Default Judgment be DENIED.

### D. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
October 31, 2019

9