```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
```

**EASTERN SAVINGS BANK, FSB**,

                    Plaintiff,

            -against-                  **MEMORANDUM & ORDER**
                                                  13-cv-6070 (AMD) (ST)

**LINFORD W. JOHNSON**, individually and as administrator of the estate of **MULVINA ECCLESTON**; **NEW YORK CITY ENVIRONMENTAL CONTROL BOARD**, **MICHAEL JOHNSON, WILLIAM ROBINSON, ARLENE WILLIAMSON, KALICH WILLIAMSON** and **AGATHA JOHNSON**,

                  Defendants.

```
------------------------------------------------------------ x
```

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff filed this foreclosure action in 2013 to recover the unpaid balance of two commercial construction loans provided to Ms. Eccleston; her son, Linford Johnson, guaranteed the loans which were secured by a six-unit residential rental property in Brooklyn, New York. (ECF No. 1.) After Ms. Eccleston died in 2015, the Court closed the case pending the resolution of proceedings in the Kings County Surrogate's Court. The Court reopened the case on January 25, 2019 (ECF No. 61), and the plaintiff filed an amended complaint on February 4, 2019 (ECF No. 67). On April 2, 2019, the Clerk of Court entered a Certificate of Default against the defendants for failing to respond to the complaint. (ECF No. 74.) On May 10, 2019, the plaintiff moved for a default judgment (ECF No. 76), which I referred to the Honorable Steven Tiscione.

      On October 31, 2019, Magistrate Judge Tiscione recommended that I deny the plaintiff's motion for default judgment and vacate the Clerk's entry of default. (ECF No. 85.) The plaintiff

filed a timely objection to a portion of Judge Tiscione's report. (ECF No. 86.) I have undertaken a *de novo* review of that portion of the report and recommendation pursuant to 28 U.S.C. § 646(b)(1)(C). For the reasons set forth below, I adopt Judge Tiscione's report and recommendation.

## BACKGROUND

The plaintiff did not object to the facts and procedural history discussed in the background section of the report and recommendation. Thus, I adopt those facts in their entirety.

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-

4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

## DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure permits a court to "set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). When determining whether a defendant has shown "good cause," courts in the Second Circuit weigh three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted). Courts may consider other relevant "equitable factors" as well, including "whether the entry of default would bring about a harsh or unfair result." *Id*. (citing *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986). These criteria must be construed in light of the Second Circuit's "strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (citation and internal quotation marks omitted), and its directive to resolve doubts "as to whether a default should be granted or vacated . . . in favor of the defaulting party," *Enron Oil Corp.*, 10 F.3d at 96. Further, a "defendant's failure to meet one of these factors will not defeat [his] motion if other factors weigh in favor of setting aside the default." *Holzman Fabian Diamonds Ltd. v. R & E Diamonds LLC*, No. 17-CV-9489, 2019 WL 1099944, at *1 (S.D.N.Y. Mar. 8, 2019) (citing *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 341 (S.D.N.Y. 2013) (citing cases)).

Judge Tiscione found that all three factors weighed in favor of vacating the entry of default. (ECF No. 85 at 9.) The plaintiff does not contest Judge Tiscione's finding as to two of these factors—that the defendants were not willful in their default or that the plaintiff was not

3

prejudiced by that default. (ECF No. 86 at 10.) Finding no clear error in those findings, I adopt them in their entirety. The plaintiff does object to Judge Tiscione's recommended finding that the defendant established a meritorious defense (*see id.* at 10-14), which I review *de novo*.

"A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98 (internal citations omitted). The defaulting defendant "need only meet a low threshold to satisfy this factor." *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (collecting cases); *see also Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (a defense "need not be ultimately persuasive at this stage" to satisfy this factor). A court will find that a "defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense." *Sea Hope Navigation Inc.*, 978 F. Supp. 2d at 339 (quoting *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000)). Nonetheless, a defendant "must present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001) (citation omitted).

The plaintiff argues that the defendant does not establish a meritorious defense, because he makes conclusory allegations that the loan signature was forged. (ECF No. 86 at 10-14.) The plaintiff marshals significant case law in support of this point, and compares the defendant's affidavit to evidence submitted in other cases. (*See, e.g., id.* at 12 ("Like the case in *Travelers*, here, Defendant's Affidavit offers nothing more than an unsupported and contradictory account that the Project Loan Documents were forged . . . In *State Farm* [], the Second Circuit Court of

Appeals stated at page 456, 'Cohan's assertion that he did not commit fraud was nothing more than a generalized denial of the allegations in the complaint.'")).

While the plaintiff's showing is convincing, it differs significantly from what the plaintiff presented to Judge Tiscione on the motion for default. Before Judge Tiscione, the plaintiff argued only that the documentary evidence undermined the defendant's claim of forgery. The plaintiff cited none of the cases upon which he now relies in arguing that the defendant's affidavit is deficient as a matter of law; in fact, the plaintiff cited no case law on this subject before Judge Tiscione. The plaintiff had ample opportunity to alert Judge Tiscione to his current arguments or to the law upon which he now relies, but did not do so.

In any event, Judge Tiscione reached the correct result. First, the defendant's affidavit is based on first-hand knowledge, which can satisfy the "low threshold of adequacy" necessary to establish a meritorious defense. *See, e.g.*, *Johnson v. Cnty. of Erie*, No. 93-CV-0177E, 1994 WL 464063, at *1 (W.D.N.Y. Aug. 19, 1994) ("The City has met this standard by Jackson's and Antecki's affidavits . . . wherein each specifically denies the plaintiff's allegations. The United States Court of Appeals for the Second Circuit and other courts have stated that such affidavits based on first-hand knowledge constitute a showing of a meritorious defense for FRCvP 55(c) purposes.") (citing *Marzilliano v. Heckler*, 728 F.2d 151, 156 (2d Cir. 1984) (citation omitted)). Second, as the plaintiff does not dispute, the two other factors weigh in favor of vacating the entry of default, and a Rule 55(c) inquiry entails a balancing of factors. Third, the Court can consider other "equitable factors" as well, which here include that the defendant's primary residence is at stake. (ECF No. 88-1 ¶ 4.) That such a high penalty—the foreclosure on his home—will be imposed on the defendant for a short period of delay weighs in favor of vacating the entry of default. *See Carey v. Int'l Consol. Cos., Inc.*, No. 09-CV-2694, 2009 WL 4891812,

at *2 (E.D.N.Y. Dec. 11, 2009) ("Defaults are particularly disfavored when substantial rights are implicated or when substantial sums of money are demanded.") (citation and internal quotation marks omitted); *U.S. Commodity Futures Trading Comm'n v. Musorofiti*, No. 05-CV-3917, 2007 WL 2089388, at *6 (E.D.N.Y. July 17, 2007) (granting vacatur where penalty is $480,000 in statutory damages and the delay is "relatively brief and not particularly egregious").

Taking all of the above factors together, I agree with Judge Tiscione that the entry of default should be vacated. The defendant's default was not willful and the plaintiff was not prejudiced by it. Moreover, there are substantial rights at stake. Whether the defendant has put forward a meritorious defense is a close question—but the other two factors and the Second Circuit's directive to resolve any doubts in favor of the defaulting party outweigh the meritorious defense factor. Given the Second Circuit's strong preference for resolving cases on the merits, I find that the equities favor vacating the entry of default. Accordingly, I adopt Magistrate Judge Tiscione's report and recommendation, and order that the Clerk's entry of default be vacated and the plaintiff's motion for default denied.

## CONCLUSION

The Clerk of Court is respectfully directed to vacate the notice of default entered on April 2, 2019.  (ECF No. 74.)  The plaintiff's motion for default judgment is denied without prejudice.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: March 25, 2020
       Brooklyn, New York