UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
**EASTERN SAVINGS BANK, FSB**,

                                                Plaintiff,

                      -against-                    **MEMORANDUM & ORDER**
                                                                   13-CV-6070 (AMD) (ST)

**LINFORD W. JOHNSON,** individually and as administrator of the estate of **MULVINA ECCLESTON**; **NEW YORK CITY ENVIRONMENTAL CONTROL BOARD**, **MICHAEL JOHNSON, WILLIAM ROBINSON, ARLENE WILLIAMSON, KALICH WILLIAMSON**, and **AGATHA JOHNSON**,

                                              Defendants.
------------------------------------------------------------- x

**ANN M. DONNELLY**, United States District Judge:

       The plaintiff filed this foreclosure action in 2013 to recover the unpaid balance of two commercial construction loans entered into by Ms. Eccleston, guaranteed by her son, Linford Johnson and secured by a six-unit residential rental property in Brooklyn, New York. (ECF No. 1.) After Ms. Eccleston died in 2015, the Court closed the case pending the resolution of surrogacy proceedings in the Kings County Surrogate's Court. The Court reopened the case on January 25, 2019 (ECF No. 61), and the plaintiff filed a second amended complaint on February 4, 2019. (ECF No. 67.) The defendants have not answered or otherwise responded to the plaintiff's filings at any point in this protracted litigation. (ECF No. 141 at 4-5.) On November 3, 2020, the Clerk of Court entered a certificate of default against the defendants. (ECF No. 107.)

       The plaintiff then moved for summary judgment, which this Court granted on February 1, 2022. (ECF No. 142.) Next, the plaintiff moved for a default judgment for foreclosure and sale

and seeks damages in the amount of $1,443,991.85. (ECF No. 143.) I referred that motion to the Honorable Steven Tiscione, who issued a report and recommendation on December 27, 2022 (ECF No. 145), in which he recommends that the Court grant in part and deny in part the motion for default judgment. Specifically, Judge Tiscione recommended that: (1) a judgment of foreclosure and sale be entered in the plaintiff's favor; (2) the plaintiff be awarded $1,410,245.85, to be satisfied by the foreclosure and sale of the property; (3) Charles L. Emma be appointed referee to conduct the sale of the property; and (4) the plaintiff's request for referee fees be denied with leave to renew. (ECF No. 145 at 14.) The plaintiff filed a timely objection to a portion of Judge Tiscione's report. (ECF No. 147.) I have undertaken a *de novo* review of the report and recommendation pursuant to 28 U.S.C. § 646(b)(1)(C). For the reasons set forth below, I adopt Judge Tiscione's thorough report and recommendation in its entirety.

## BACKGROUND

The plaintiff did not object to Judge Tiscione's discussion of the facts and procedural history of this case. Thus, I adopt those facts in their entirety.

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the [R & R] only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

2

"[E]ven in a *de novo* review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (alterations omitted)).  Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)); *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2011) (where no timely objections have been made to a report and recommendation, the "court need only satisfy itself that there is no clear error on the face of the record" (internal quotation marks and citation omitted)).

## DISCUSSION

The plaintiff does not object to Judge Tiscione's determination that it is entitled to a judgment of foreclosure and sale, that the plaintiff be awarded a total of $1,410,245.85 to be satisfied by the foreclosure and sale of the property, or that Charles L. Emma be appointed referee to conduct the sale of the property.  I have reviewed those determinations for clear error and find none.  Accordingly, I adopt those determinations.

The plaintiff, however, objects to Judge Tiscione's denial of its request for referee fees. (ECF No. 147 at 1.)  Accordingly, I review those findings *de novo*.  *See, e.g.*, *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).

Judge Tiscione recommends that Charles L. Emma be appointed as a referee to sell the property.  (ECF No. 145 at 13.)  However, Judge Tiscione recommends that I deny the plaintiff's

3

request for referee fees in the amount of "10% of the winning bid by the purchaser," because the plaintiff's "mere reference" to the proposed fee was inadequate to support the award of future referee fees. (*Id.* at 11-12 (citing *Gustavia Home, LLC, v. Krupnikova*, No. 16-CV-2104, 2019 WL 4196035, at *3 (E.D.N.Y. June 11, 2019), *report and recommendation adopted as modified sub nom.*, 16-CV-2104, 2019 WL 4194273 (Sept. 4, 2019).) Judge Tiscione further recommends that "[s]ince evidence that a foreclosure sale has occurred is often sufficient to support an award of referee costs . . . [the] Plaintiff [should] be given leave to renew its request for referee fees following the sale of the property." (*Id.* at 12.) The plaintiff objects to this determination because it sought $1,500.00 in referee fees, not 10% of the winning bid. (ECF No. 147 at 1 (citing ECF No. 143-16).)

Whether the plaintiff sought $1,500.00 or 10% of the winning bid, Judge Tiscione was right to deny the fees at this time. "[A] mere reference in a proposed order is inadequate to support the award of future referee's fees and ancillary costs." *Gustavia Home,* 2019 WL 4196035, at *3. "Even where a referee fee is reasonable, a plaintiff must provide documentary evidence to be awarded such a fee." *ARCPE Holding, LLC v. 9Q4U5E LLC*, No. 19-CV-6417, 2022 WL 2467085, at *5 (E.D.N.Y. Apr. 15, 2022). The plaintiff referred to the referee's proposed fee only once in the proposed judgment. (ECF No. 143-16 at 5.) Accordingly, the plaintiff has not provided adequate support for the requested referee fees.

The amount the plaintiff did request—given the limitations in the statute—is not reasonable; "[a] referee's compensation, including commissions, upon a sale pursuant to a judgment in any action cannot exceed seven hundred fifty dollars, unless the property sold for fifty thousand dollars or more, in which event the referee may receive such additional compensation as to the court may seem proper." CPLR § 8003(b). Courts often find that the

4

statutory maximum is an appropriate fee for referees. *See, e.g.*, *Windward Bora LLC v. Baez*, No. 19-CV-5698, 2020 WL 4261130, at *6 (E.D.N.Y. July 24, 2020) ("The Court also finds $750 to be an appropriate fee for the Referee."); *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 46 (N.D.N.Y. 2015) (ordering that the referee receive $750 for conducting the sale); *LMREC III Note Holder, Inc. v. Hudson EFT LLC*, No. 20-CV-5063, 2022 WL 4286737, at *3 (S.D.N.Y. Sept. 16, 2022) ("The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), [are] not to exceed $750.00."). Even when a referee encounters multiple setbacks in effectuating a sale, the statutory limit of $750 is still found to be sufficient. *Gustavia Home, LLC v. Cudjoe*, No. 16-CV-3992, 2022 WL 2662816, at *7 (E.D.N.Y. June 24, 2022), *report and recommendation adopted as modified*, No. 16-CV-3992, 2022 WL 4483343 (E.D.N.Y. Sept. 27, 2022) ("[T]he Referee's fees of $750 should not be disturbed. The Judgment initially awarded the Referee $500 in fees. After reviewing the record, the increased fees are warranted because multiple obstacles delayed the Judgment's directives . . . Given that a rate of $750 is consistent with rates offered to referees in similar actions, I therefore recommend no changes to the Referee's fee set forth in the Referee's Report of Sale."). When a plaintiff—such as this very plaintiff in a different case—requests referee fees beyond the statutory maximum, a Court can deny that request and lower the fees to the statutory maximum. *E . Sav. Bank, FSB v. Bowen,* No. 13-CV-6366, 2017 WL 9485705, at *6 (E.D.N.Y. Feb. 6, 2017) (denying a request for $1,500 in referee fees and lowering it to the then-statutory maximum of $500, finding that amount to be "sufficient regardless of the Property's sale price").

   At this point, the plaintiff has not given adequate support for the award of future referee fees, and the fees that it does propose are inconsistent with the statute. Accordingly, Judge Tiscione was right to deny the plaintiff's request for referee fees at this time.

**CONCLUSION**

I adopt Judge Tiscione's well-reasoned report and recommendation in its entirety. The plaintiff's motion for default judgment for foreclosure and sale on the subject property is granted in part and denied in part. Accordingly, (1) a judgment of foreclosure and sale is to be entered in the plaintiff's favor, (2) the plaintiff is awarded a total of $1,410,245.85 to be satisfied by the foreclosure and sale of the property, (3) Charles L. Emma is appointed as referee to conduct the sale of the property, and (4) the plaintiff's request for referee fees is denied with leave to renew.

**SO ORDERED.**

                                                                         s/Ann M. Donnelly
                                                            ANN M. DONNELLY
                                                            United States District Judge

Dated: Brooklyn, New York
         February 6, 2023