UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTERN SAVINGS BANK, FSB,<br><br>                                    Plaintiff,<br><br>-against-<br><br>LINFORD W. JOHNSON, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF MULVINA ECCLESTON; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, MICHAEL JOHNSON, WILLIAM ROBINSON, ARLENE WILLIAMSON, KALICH WILLIAMSON, and AGATHA JOHNSON,<br><br>                                  Defendants. | REPORT AND RECOMMENDATION<br>13-cv-6070 (AMD)(ST) |

**TISCIONE, United States Magistrate Judge:**

This attenuated foreclosure action began in 2013. To summarize, Mulvina Eccleston had two secondary mortgages and notes dated April 26, 2007, in favor of Plaintiff, Eastern Savings Bank ("ESB") in the sum of $113,500.[1] Aff. in Supp. of Mot. for Writ ¶¶ 3-5, ECF No. 161-2. Linford Johnson is the guarantor. *Id*. ¶ 5. Eccleston defaulted on one mortgage April 1, 2008, and defaulted on the second December 1, 2009. *Id*. ¶ 6.[2] Both mortgages matured May 1, 2010. *Id*. The loans remain outstanding.

ESB filed this foreclosure action November 1, 2013. *See* ECF No. 1. After a series of delays and flurry of motion practice, summary judgment of foreclosure and sale was entered in favor of ESB on March 15, 2023. *See* ECF No. 150; *id*. ¶ 9.

A foreclosure auction and sale were initially scheduled for August 24, 2023. *Id*. ¶ 15. However, it was halted due to a Chapter 13 Bankruptcy Petition. *Id*. The Bankruptcy Petition was

---

[1] The mortgaged property is 356 East 31st Street, Brooklyn, NY 11226 (Block: 4947, Lot: 30).
[2] Mulvina Eccleston passed away on June 10, 2014, and has since been removed from the case.

dismissed on November 1, 2023, and the auction rescheduled for December 21, 2023. *Id*. All occupants were notified of the auction. *See* ECF No. 158. ESB purchased the property at auction and assigned its winning bid to an ESB subsidiary Quartz Enterprises, Inc. *See* ECF No. 160.

On March 26, 2025, with the occupants showing no sign of voluntarily vacating, ESB filed a motion for an Order to Show Cause for a Writ of Assistance pursuant to 28 U.S.C. § 1651. *See* ECF No. 161. ESB specifically requests the United States Marschalls eject all occupants from 356 East 31st Street, Brooklyn, NY 11226. On March 31, 2025, Judge Donnelly referred the motion to this Court for a report and recommendation. A hearing was held on April 7, 2025. Defendants failed to appear. *See* Minute Order dated April 7, 2025, ECF No. 162. A show cause hearing was scheduled for June 17, 2025. Both parties appeared. This Court issued an order directing Defendants to respond to the Motion for a Writ of Assistance by July 1, 2025. *See* Minute Order dated June 20, 2025, ECF No. 165. Defendants failed to file a response.

To date, the occupants have not vacated the property, and the Writ of Assistance remains unopposed. ESB has sent three letters to this Court requesting the writ of assistance be issued, dated July 25, 2025, October 2, 2025, and November 13, 2025. *See* ECF Nos. 166, 168, and 170.

This Court has no hesitation issuing a report and recommendation grating ESB's request. The All Writs Act authorizes "[t]he Supreme Court and all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Likewise, Rule 70 reads, in relevant part, "[i]f a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done[.]" Fed. R. Civ. P. 70. "Rule 70 provides for the enforcement of the specific terms of a judgment[.]" *Manway Const. Co. v. Hous. Auth. of City of Hartford*, 711 F.2d

-2-

501, 505 (2d Cir. 1983). Moreover, where an underlying judgment affects title, possession, or judgement of a property, N.Y. Real Property Acts Law ("RPAPL") § 221 authorizes courts to "require the sheriff to put [judgment holders] into possession."

Here, ESB holds a judgement from this Court stating the occupants are "forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof," and "that the purchaser at such sale be let into possession on production of the referee's deed[.]" ECF No. 150. The occupants have, however, refused to vacate the subject property. Further, nothing about this foreclosure proceeding appears untoward. All parties have been repeatedly notified of all foreclosure proceedings and ESB's filings/motions. *See generally* Aff. in Supp. of Mot. for Writ.

At bottom, ESB holds a valid judgment granting it possession of the property. The occupants are in violation of that judgment. Accordingly, this Court finds it appropriate for the District Court to issue a Writ of Assistance removing the occupants from granting ESB access to the subject property.

## **CONCLUSION**

This Court respectfully recommends the District Court issue a Write of Assistance in accordance with the above report and recommendation.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
_____
Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
December 9, 2025