UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
**EASTERN SAVINGS BANK, FSB**,                                     :
                                                                   :
                      Plaintiff,    :
                                                                   :
           – against –                            :  **ORDER ADOPTING REPORT**
                                                                   :  **AND RECOMMENDATION**
                                                                   :
**LINFORD W. JOHNSON, INDIVIDUALLY**                               :  13-CV-6070 (AMD) (ST)
**AND AS ADMINISTRATOR OF THE ESTATE**                             :
**OF MULVINA ECCLESTON; NEW YORK**                                 :
**CITY ENVIRONMENTAL CONTROL**                                     :
**BOARD, MICHAEL JOHNSON, WILLIAM**                                :
**ROBINSON, ARLENE WILLIAMSON,**                                   :
**KALICH WILLIAMSON, AND AGATHA**                                  :
**JOHNSON**,                                                       :
                                                                   :
                      Defendants.   :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff filed this foreclosure action on November 1, 2013, to recover the unpaid balance of two commercial construction loans that Mulvina Eccleston took out. (ECF No. 1.) Her son, Linford Johnson, guaranteed the loans, which were secured by 356 East 31st Street, Brooklyn, NY 11226, a six-unit residential rental property in Brooklyn, New York. (*Id.* ¶¶ 1, 3–4, 10–14.) After multiple delays, the Court granted summary judgment for the plaintiff on February 1, 2022 (ECF No. 142), and entered default judgment of foreclosure and sale in favor of the plaintiff on March 15, 2023. (ECF No. 150.) The auction and sale, of which all occupants had notice (ECF Nos. 158, 159), took place on December 21, 2023. (ECF No. 160 ¶ 1.) The plaintiff purchased the property and assigned its winning bid to Quartz Enterprises, Inc., the plaintiff's wholly owned subsidiary. (*Id.* ¶¶ 2–3.) Because the occupants were still in the property in early 2025, the plaintiff filed this motion for writ of assistance pursuant to 28 U.S.C.

§ 1651 on March 26, 2025, requesting that the United States Marshals eject the occupants from the property. (ECF No. 161.) The Court referred the motion to Magistrate Judge Steven Tiscione for a Report and Recommendation. (*ECF Order dated Mar. 31, 2025.*)

Judge Tiscione scheduled a hearing for April 7, 2025, but the defendants did not appear. (*ECF Order dated Apr. 1, 2025; ECF Minute Order dated Apr. 7, 2025.*) Accordingly, Judge Tiscione granted the plaintiff's motion for an order to show cause and directed the defendants "and any other occupants of [the property]" to appear before the Court and "Show Cause why a Writ of Assistance should not be issued directing the United States Marshals Service or the New York City Sheriff's Office to enter and take possession of the property and evict all occupants in accordance with the Judgment of Foreclosure previously issued in this matter." (*ECF Minute Order dated Apr. 7, 2025*; ECF No. 150.) Both parties appeared at the show cause hearing on June 17, 2025, and Judge Tiscione directed the defendants to respond to the plaintiff's motion by July 1, 2025. (*ECF Minute Entry dated June 20, 2025*; ECF No. 165.) To date, the defendants have not responded and have not vacated the property. The plaintiff has filed three letters — on July 25, 2025, October 2, 2025, and November 13, 2025 — asking the Court to issue a writ of assistance. (ECF Nos. 166, 168, 170.)

On December 9, 2025, Judge Tiscione issued a Report and Recommendation in which he recommended that the Court grant the motion and issue a writ of assistance to the plaintiff. (ECF No. 172.)[1] Judge Tiscione found that the plaintiff "holds a judgement from this Court stating the occupants are 'forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof,' and 'that the purchaser at such sale be let into possession on production of the referee's deed,'" but that the occupants

---

[1] The defendants were served with the Report and Recommendation the following day. (ECF No. 173.)

2

have "refused to vacate the subject property." (ECF No. 172 at 3 (quoting ECF No. 150).) Finding that "nothing about this foreclosure proceeding appears untoward," and "[a]ll parties have been repeatedly notified of all foreclosure proceedings and [the plaintiff]'s filings/motions,", Judge Tiscione recommended that the Court issue a writ of assistance removing the occupants and granting the plaintiff access to the property. (*Id.* (citation omitted).) No party has objected to the Report and Recommendation, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept a Report and Recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

The Court has carefully reviewed Judge Tiscione's well-reasoned Report and Recommendation and finds no error. The All Writs Act authorizes "[t]he Supreme Court and all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Federal Rule of Civil Procedure 70 reads in relevant part that "[i]f a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done[.]" Fed. R. Civ. P. 70. Moreover, where an underlying judgment affects title, possession, or use of real property, New York Real Property Actions and Proceedings Law ("RPAPL") authorizes courts to "require the sheriff to put [judgment holders] into possession." RPAPL § 221. As Judge Tiscione found, the plaintiff — the purchaser of the property at the Court-ordered foreclosure

auction — holds a valid judgment entitling it to possess the property. (ECF No. 172 at 3 (quoting ECF No. 150).) The Court is therefore authorized to issue a writ of assistance putting the plaintiff in possession of the property, including by ordering the U.S. Marshals or New York City Sheriff's Office to enter and take possession of the property in accordance with the Court's prior judgment of foreclosure. (ECF No. 150.) 28 U.S.C. § 1651; Fed. R. Civ. P. 70; RPAPL § 221. Accordingly, the Court adopts the Report and Recommendation in its entirety. The plaintiff's motion for a writ of assistance directing the U.S. Marshals or New York City Sherrif's Office to deliver vacant possession of the entire property to the plaintiff or its agents is granted.

**SO ORDERED.**

/s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       December 29, 2025

4